UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARNETT COBB, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Civ. Action No. 14-0700 (ABJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Defendant. | ) |
| _____ | ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, sues the United States "to stop the [United States Parole Commission] from continuing [its] decade-long practice of applying" its parole guidelines retroactively, in violation of the Constitution's *ex post facto* clause. Compl. ¶¶ 1-2, ECF No. 1. Defendant moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Def.'s Mot. to Dismiss the Compl., ECF No. 10. Defendant argues that *res judicata* applies and, alternatively, that no claim for relief has been stated since the Commission has indeed applied the desired parole guidelines. Plaintiff has filed an opposition, ECF No. 13, defendant has replied, ECF No. 14, and plaintiff has filed a surreply, ECF No. 15. For the reasons explained below, the Court finds that plaintiff's prior litigation in the Northern District of West Virginia precludes this action. Therefore, defendant's motion to dismiss will be granted.

**I. BACKGROUND**

Plaintiff's documented criminal history is as follows:

> On January 18, 1980, the Superior Court of the District of Columbia sentenced the petitioner to 9½ years for burglary, destruction of property, and

1

drug possession. On February 28, 1984, the D.C. Superior Court sentenced the petitioner to 35 years, consecutive to the 1980 sentence, for assault with intent to rape, robbery, and unauthorized use of a vehicle. The aggregated total term of the 1980 and 1984 sentences was 44½ years. The D.C. Board of Parole initially denied parole on June 1, 1992 but granted it by order dated October 20, 1992.

On September 7, 1993, the petitioner was arrested and charged with rape while armed, kidnaping and sodomy. The D.C. Parole Board issued a warrant charging the petitioner with violating his parole by committing the new offenses and failing to report his arrest. The warrant was placed as a detainer. Subsequently, the petitioner was convicted of rape and unauthorized use of a vehicle for the 1993 incident. On September 13, 1994, the Superior Court of the District of Columbia sentenced the petitioner to 12-36 years.

*Cobb v. Warden, FCI Gilmer*, No. 5:10cv66, 2010 WL 6339850, at *1 (N.D.W.Va. Dec. 20, 2010) *report and recommendation adopted*, No. 5:10Cv66, 2011 WL 1137304 (N.D.W.Va. Mar. 25, 2011), *cert. of appealability den. and appeal dismissed sub nom. Cobb v. Fulwood*, 446 F. App'x 593, 594 (4th Cir. 2011) (record citations omitted).

The United States Parole Commission ("Commission" or "USPC") assumed responsibility over District of Columbia offenders in 1998 as a result of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, 111 Stat. 712, 734-37 (codified at D.C. Code §§ 24-101-42. *See Fletcher v. Reilly*, 433 F.3d 867, 870 (D.C. Cir. 2006) (discussing "Changes to Parole and Reparole Regulations for D.C. Code Offenders"). Plaintiff had his first hearing before the Commission in April 2001, but was denied parole and scheduled for a rehearing in 36 months. *Cobb*, 2010 WL 6339850, at *1. Subsequent hearings were held in August 2004, July 2007, and January 2010. *See id*. at *2.

The latter hearing was scheduled to consider "new adverse information" regarding plaintiff's withdrawal from a residential sex offender treatment program "after only 32 days." *Id*. Following the hearing, the Commission rescinded plaintiff's presumptive parole date of May 7,

2

2010 (set following the July 2007 hearing) and "reevaluated [plaintiff's] case under the 1987 guidelines of the D.C. Board of Parole," *id.*, which utilized "a numerical scoring system . . . to guide the Board in making the [discretionary] decision to grant or deny parole." *McRae v. Hyman*, 667 A.2d 1356, 1360 (D.C. 1995). The Commission scored plaintiff at zero, which "ordinarily would have indicated [that] parole should have been granted." *Cobb*, 2010 WL 6339850, at *2. However, the Commission found "a reasonable probability" that plaintiff "would not obey the law if released[,] [that] his release would endanger the public safety," and that plaintiff needed to complete a sex offender treatment program "to reduce the risk that he poses to the community." *Id.* (internal citations and quotation marks omitted). As a result, the Commission departed from the guidelines, denied parole, and set a presumptive parole date of January 7, 2013, after plaintiff's service "of an additional 32 months, contingent upon his participation in and completion of the Bureau of Prison's Sex Offender Treatment Program." *Id*. at *7.

Plaintiff filed this civil action in April 2014 from the Federal Correctional Institution in Petersburg, Virginia. He asserts that he is "now nearly 60 years old [and] is a suitable candidate for release, as determined by the 1987 Guidelines." Compl. at 28. Plaintiff wants this Court to "grant [his] immediate release on parole." *Id*.

## II. LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6), the court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' " *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those

3

inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . .") (citations omitted). While "[a] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . even a *pro se* complaint must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotations marks and citations omitted).

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which . . . judicial notice" may be taken. *EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997). In addition, the court may take judicial notice of another court's proceedings. *See Jenson v. Huerta*, 828 F. Supp. 2d 174, 179 (D.D.C. 2011), quoting *Lewis v. Drug Enforcement Admin.*, 777 F.Supp.2d 151, 159 (D.D.C. 2011) ("The court may take judicial notice of public records from other court proceedings."); *Akers v. Watts*, 589 F. Supp. 2d

12, 15 (D.D.C. 2008) (taking "judicial notice of the records of this Court and of other federal courts") (citations omitted).

### III. ANALYSIS

Defendant argues first that *res judicata* applies.  *See* Defs.' Mem. of P. & A. at 4-5. "Under the doctrine of *res judicata*, a claim previously adjudicated on the merits by a court of competent jurisdiction is foreclosed from being relitigated in a new action."  *Duma v. JPMorgan Chase*, 828 F. Supp. 2d 83, 86 (D.D.C. 2011) *aff'd sub nom. Duma v. JPMorgan Chase & Co.*, No. 11-7147, 2012 WL 1450548 (D.C. Cir. Apr. 20, 2012).  "Specifically, 'a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.' "  *Id.*, quoting *Smalls v. U.S.*, 471 F.3d 186, 192 (D.C. Cir. 2006).

In the related doctrine of collateral estoppel, an issue previously adjudicated is foreclosed in the following circumstances.  "First, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case.  Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case . . . .  Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination."  *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (citations omitted).  Basic unfairness may occur "when the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude."  *Id.*

The Northern District of West Virginia addressed the merits of the claim presented here, *i.e.*, whether the Commission violated the *ex post facto* clause "by using the 2000 Regulations rather than the 1987 Regulations." *Cobb*, 2010 WL 6339850, at *6. It found:

> In this particular case, it is clear that all of the crimes for which the petitioner is incarcerated were committed prior to the adoption of the 2000 Regulations. It is equally clear that the USPC utilized the 2000 regulations in 2001, 2004, and 2007, when it denied the petitioner parole. Moreover, it appears that the USPC's actions may have created a significant risk of an increased period of incarceration. When applied to the petitioner's circumstances, the 1987 Regulations indicate that parole "shall be granted." However, even if the petitioner has established an *ex post facto* violation, the petitioner is not entitled to an order granting him release on parole. At best, he would be entitled to a new parole hearing with instructions to the USPC to apply the 1987 Regulations. Moreover, it is clear that the petitioner has already received this precise relief [at the January 2010 hearing].

*Id*. That court indicated that the Commission had exercised the same "vast discretion" the former D.C. Board of Parole could have exercised in departing from the 1987 guidelines and, as a consequence, determined that the Commission's decision based on "specific [permissible] reasons" was not subject to judicial review. *Id*. at *7-8.

Plaintiff counters that *res judicata* does not apply because his prior lawsuit was against his warden and this lawsuit is against the United States. *See* Pl.'s Surreply at 1-2. He argues that "the two parties mentioned are not in privity with one another because the warden was in his official and individual capacity and the United States was in its official capacity." *Id*. at 2. This argument is unavailing since the prior action was brought in habeas and properly named plaintiff's warden in his official capacity as head of the Gilmer Federal Correctional Institution in West Virginia. *See* 28 U.S.C. § 2243 ("The writ [of habeas corpus], or order to show cause shall be directed to the person having custody of the person detained."); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the

6

prisoner.") (citation and internal quotation marks omitted) (alteration in original).  Plaintiff "cannot avoid the preclusive effect of the habeas ruling simply by naming new parties, particularly where the[] [d]efendants and the respondent to the habeas petition all are federal government officials" or the government itself.  *McIntyre v. Fulwood*, 892 F. Supp. 2d 209, 215 (D.D.C. 2012), quoting *Sunshine Anthracite Coal v. Adkins*, 310 U.S. 381, 402-03 (1940) (recognizing "privity between officers of the same government" for purposes of *res judicata*).

Plaintiff further argues that this lawsuit "deals with a[n] issue that has not been properly addressed from a constitutional and lawful perspective."  Pl.'s Surreply at 2.  But the district court's prior adjudication of the same constitutional issue underlying this action, *i.e.*, the alleged *ex post facto* violation, has preclusive effect under the collateral estoppel doctrine, and this Court lacks jurisdiction to review the propriety of that decision.  *See* 28 U.S.C. §§ 1331, 1332 (scope of jurisdiction for all district courts); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) ("[A]s a district court is a trial level court in the federal judicial system[,] [i]t generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citations omitted).

Even if the complaint is not procedurally barred, this Court cannot grant the requested relief and, thus, order the Commission to release plaintiff to parole.  Rather, the appropriate remedy for a constitutionally defective parole proceeding "is a writ of mandamus to compel the Commission's compliance with the statute not a writ of habeas corpus to compel release on parole or to extinguish the remainder of the sentence."  *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983); *see accord Davis v. United States Parole Comm'n*, 47 F. Supp. 3d 64, 66-67 (D.D.C. 2014).  And it was "clear" to the district court in West Virginia that plaintiff "ha[d] already received" the desired

7

parole hearing under the 1987 guidelines.[1]  *Cobb*, 2010 WL 6339850, at *6.

## III.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted.  A separate order accompanies this Memorandum Opinion.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

Date:  May 19, 2015

---

[1]  Plaintiff has not asserted a claim based on parole proceedings subsequent to the January 2010 hearing.  Such a claim would not be precluded but would fail nonetheless if the Commission has continued to apply the 1987 guidelines at plaintiff's parole hearings.